The opinion of the court was delivered by
Miller, J.
This appeal is by defendant, condemning him to take the title tendered by the plaintiff to property the defendant had agreed to buy. The defence is that the property is encumbered with a mortgage against a previous owner, J. Q. A. Fellows, or at least that is the only defence necessary to be considered.
Mr. Fellows acquired the property in 1871. It became subject to a judicial mortgage against him in 1880. The judgment giving rise to this mortgage was revived in time, but not reinscribed until June, 1892, when the original inscription had ceased to have effect. Undoubtedly, the reinscription took effect from its date and bound the property, if still the property of Mr. Fellows. Civil Code, Art. 3333 ; Shepherd vs. Press, 2 An. 100.
The plaintiff claims that the property ceased to be that of Mr. Fellows by tax sales, at which Mrs. Montgomery acquired, and who sold to plaintiff in 1892. He contends the tax sales bound Fellows as owner, bound his creditor, purged the property of the judicial mortgage, and hence, the title tendered by plaintiff acquiring from Mrs, Montgomery, the purchaser at the alleged tax sales, is valid.
But the record shows no tax title. There are, it is true, recitals in the deed from Mrs. Montgomery to plaintiff, that she acquired at tax sales on assessments against Fellows. There are also recitals in various certificates put in the record from the Recorder of Mortgages and Register of Conveyances, from the Comptroller and from *1645 the Auditor, to the cancellation of taxes against Fellows, and to erroneous assessments against him of the property. There are also certificates of non-alienation of the property by Mrs. Montgomery or by Fellows. There is, too, a certificate headed redemption certificate, which, in fact, is a certificate from the mortgage office, of the canceling of judgments against Mr. Fellows in favor of the State. We do not appreciate that these certificates make proof of a tax sale to Mrs. Montgomery, and that sale is the basis of her alleged title.
We are referred to the deed from Mrs. Montgomery to plaintiff, in which Mr. Fellows intervenes, affirming the validity of the tax sales. That binds him unquestionably, but not his mortgage creditor. If there never was any tax sale, or one that passed no title, the mortgage creditor could not be prejudiced by the statement or ratification of his debtor. If that were possible, there would be an easy mode for the debtor to relieve himself from the. mortgage.
The issue made by defendant was that the property was encumbered with the mortgage against Mr. Fellows, the previous owner. That issue the defendant supported by proof. If the plaintiff had put in the tax deed showing the tax sale, conceding its prima facie effect, and that it bound the mortgage creditor if valid, still the defendant would have had the right to impeach it if he could. But in our view, the plaintiff, failing to pub in proof any tax sale, has not made, out his case.
We are not disposed to encourage fanciful objections to title. But here is a case in which the defendant is sought to be compelled to take a title, when there is on the records a mortgage against a previous owner reported against the property by the mortgage certificate and claimed to be canceled only by a tax sale, of which there is no legal evidence produced. The. defendant alludes in his brief to the fact that it was deemed necessary for Mr. Fellows to intervene in the deed to plaintiff, and we think, the circumstance well calculated to suggest bo any purchaser whether, if ratification by the debtor of the tax sales was essential, it would furnish any protection against the mortgage creditor. That doubt we do not think has been removed by the proof called for by the issue. We think the judgment should have been of non-suit, leaving plaintiff at liberty to renew his suit.
It is therefore ordered, adjudged and decreed that the judgment *1646 of the lower court be avoided and reversed, and it is further ordered, adjudged and decreed that plaintiff’s demand be dismissed as in case of non-suit, at his costs.